## CENTRAL UNION TRUST CO. OF NEW YORK v. MISSOURI, K. & T. RY. CO.

## RAILWAY STEEL SPRING CO. v. SAME.

District Court, E. D. Missouri, E. D. February 9, 1923.

Nos. 4482, 4564.

Geller, Rolston & Horan, of New York City, and Nagel & Kirby, of St. Louis, Mo. (Frederick Geller and Edw. H. Blanc, both of New York City, Allen C. Orrick, and Arthur B. Shepley, both of St. Louis, Mo., of counsel), for plaintiff.

Edward Cornell and Chas. E. Hotchkiss, both of New York City, and Edw. C. Eliot, of St. Louis, Mo., for Central Union Trust Co. of New York, trustee under the consolidated mortgage of M., K. & T. Ry. Co.

Edward Cornell and Chas. E. Hotchkiss, both of New York City, and Edw. C. Eliot, of St. Louis, Mo., for Central Union Trust Co. of N. Y., trustee under the trust agreement securing the two-year notes of M., K. & T. Ry. Co.

Geller, Rolston & Blanc, of New York City, and Nagel & Kirby, of St. Louis, Mo., for Farmers' Loan & Trust Co., trustee under the first and refunding mortgage of M., K. & T. Ry. Co.

Chas. W. Bates, of St. Louis, Mo., for New York Trust Co., trustee under general mortgage of M.; K. & T. Ry. Co.

Boyle & Priest, of St. Louis, Mo., for B. F. Edwards, trustee under general mortgage of M., K. & T. Ry. Co.

White & Case, of New York City, and Bryan, Williams & Cave, of St. Louis, Mo., for Bankers' Trust Co., trustee under second mortgage.

Masten & Nichols, of New York City, and Lee W. Hagerman, of St. Louis, Mo., for Columbia Trust Co., trustee under first mortgage of M., K. & E. Ry. Co.

Chas. A. Houts, of St. Louis, Mo., for Central Union Trust Co. of N. Y., trustee under second mortgage of M., K. & E. Ry. Co.

Geller, Rolston & Blanc, of New York City, and Nagel & Kirby, of St. Louis, Mo., for Farmers' Loan & Trust Co., trustee under St. Louis Division refunding first mortgage of M., K. & T. Ry.

King, Lane & Trafford, of New York City, and Geo. C. Hitchcock, of St. Louis, Mo., for Central Union Trust Co. of N. Y., trustee under first extension mortgage.

Charles P. Williams, of St. Louis, Mo., for Farmers' Loan & Trust Co., trustee under S. W. Coal & Improvement Co. first mortgage.

WALTER H. SANBORN, Circuit Judge. This court has said and written so much in the last six years concerning the relative rights and remedies of the stockholders and unsecured creditors of an insolvent railroad company, under a plan of reorganization of such company similar to that under consideration in this case, and concerning the fairness, justice, and timeliness of offers to unsecured creditors in the benefits of such reorganized corporations through stocks, bonds, or otherwise, that it would be useless in this case to do more than to say that the reasons for the conclusion of the court has now reached in this case are stated in its oral opinion delivered in this court about August 13, 1916, in

North American Company v. St. Louis & San Francisco Railroad Company (No. 4174, Consolidated Cause, final), 28 F.(2d) 174, in its opinion in Guaranty Trust Company v. Missouri Pacific Railway Company, 238 F. 812, and in its opinion in St. Louis-San Francisco Railway Company v. McElvain, 253 F. 123, and in the opinions of the Circuit Court of Appeals of this circuit in Phipps et al. v. Chicago, Rock Island & Pacific Ry. Co. (filed October 9, 1922), 284 F. 945, 28 A. L. R. 1184, and in P. R. Walsh Tie & Timber Company v. Missouri Pacific Railway Company, 280 F. 38, 42–44.

In comparing the offer in this case with those made in the cases cited, this radical difference in the basis of the offer should not be overlooked. The evidence in this case is that the value of an unsecured claim of $1,000 against the old insolvent company, based on the present market value of the stock offered to the owner of such a claim pursuant to the decree, is about $235.84, or about 23.6 per cent. of the amount of the claim. But the amount of the claim of which this offer is 23.6 per cent. is the amount of the face of the claim in September, 1915, when this court took possession of the property of the insolvent company by its receiver, plus interest on that amount at 6 per cent. per annum from that time to January 1, 1922. The interest during this time, at 6 per cent. per annum, amounts to about 43 per cent. of the amount of the claim in September, 1915, so that, while the market value of the securities offered an unsecured creditor is about 23.6 per cent. of the amount of his claim in April, 1916, plus interest on that claim at 6 per cent. from April, 1916, to January 1, 1922, its market value is more than 31 per cent. of the amount of the claim in September, 1915, when the court took possession of the property.

When a court appoints a receiver and takes possession of the property of an insolvent corporation, to operate it and distribute it, or its proceeds, to its creditors and stockholders, it holds it in trust, subject to prior liens, for the unsecured creditors and stockholders at that time. Stockholders ordinarily receive no dividends during a receivership, and the established rule of practice and convenience is to allow the claims of unsecured creditors at their face value, plus interest to the date of the appointment of the receiver, and not later. The amounts of the claims of the unsecured creditors in the St. Louis & San Francisco Railroad reorganization were fixed and allowed, and the securities of the new companies were distributed to them upon that basis, and it is probable that this was the basis used in the reorganization of the Chicago, Rock Island & Pacific Railroad Company.

When this fact is taken into consideration, together with all the other facts proved in this case, and the facts disclosed in the opinions in the cases cited, the offer to the unsecured creditors in this case, in comparison with the offer to the stockholders, is much more favorable to the former than were the offers made to the unsecured creditors in the cases cited. And upon consideration of all the facts and arguments in this case, and for the reasons stated in the opinions in the cases cited, the court has concluded that the offer to the unsecured creditors in this case is fair, just, equitable, and timely, and that it should be approved.